UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MANG Z. SUAN,

    Plaintiff,

    v.                                  CAUSE NO. 3:21-CV-272 DRL-MGG

CONNER ALCALLA, et al.,

    Defendants.

OPINION AND ORDER

Mang Z. Suan, a prisoner without a lawyer, filed an amended complaint (ECF 7) against Officer Conner Alcalla and Officer Mike Cannon over the conditions in his cell and deliberate indifference to his medical needs on December 4, 2020. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On the evening of December 4, 2020, there was a fire in or near Mr. Suan's cell. Additionally, the toilet overflowed in Mr. Suan's cell. When Mr. Suan asked Officer Alcalla for help, he allegedly told Mr. Suan that he could sit in the water all night. Mr.

Suan tried to explain to Officer Alcalla that he did not cause the fire or flooding, but Officer Alcalla responded by turning off Mr. Suan's electricity and water. Officer Alcalla then fell asleep on duty and did not walk the range, leaving Mr. Suan in a smokey cell filled with sewage all night. Mr. Suan alleges that this was an attempt to punish him for causing the fire and flooding.

Mr. Suan indicates that he needed medical attention: there was blood and puss coming from his eyes and he was having difficulty breathing. He does not have an intercom in his room, so he had no way of getting help from another officer. He "was forced to hold the cuff port hostage and ask Sergeant Cannon [to] please get [him] a nurse… and to let [him] clean [the sewage from his] cell. Sergeant Cannon refused to get assistance for Mr. Suan or permit him to clean his cell. He allegedly told Mr. Suan that he did not care if he died, because "you guys brought this upon yourselves." ECF 7 at 3.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the

subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the law:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Giving Mr. Suan the benefit of the inferences to which he is entitled at this stage of the proceedings, he has stated a claim against Officer Alcalla and Sergeant Cannon for violating his Eighth Amendment rights by subjecting him to inhumane conditions.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do

3

anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, Mr. Suan indicates that he asked Sergeant Cannon for medical care, that he had blood and pus coming out of his eyes, and that he was having difficulty breathing. Giving him the inferences to which he is entitled, he has stated a claim of deliberate indifference to his medical needs against Sergeant Cannon.

For these reasons, the court:

(1) GRANTS Mang Z. Suan leave to proceed against Officer Alcalla and Sergeant Cannon in their individual capacity for monetary damages for deliberate indifference to his conditions of confinement on December 4, 2020, in violation of the Eighth Amendment;

(2) GRANTS Mang Z. Suan leave to proceed against Sergeant Cannon in his individual capacity for monetary damages for deliberate indifference to Mr. Suan's serious medical needs on December 4, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Alcalla and Sgt. Cannon at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 7), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Conner Alcalla and Sergeant Mike Cannon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 18, 2021

*s/ Damon R. Leichty*
Judge, United States District Court