UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MANG Z. SUAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-272-MGG |
| CONNER ALCALLA, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Mang Z. Suan, a prisoner without a lawyer, is proceeding in this case "against Officer Alcalla and Sergeant Cannon in their individual capacity for monetary damages for deliberate indifference to his conditions of confinement on December 4, 2020, in violation of the Eighth Amendment[.]" ECF 8 at 4. He is also proceeding "against Sergeant Cannon in his individual capacity for monetary damages for deliberate indifference to Mr. Suan's serious medical needs on December 4, 2020, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing they did not violate Suan's Eighth Amendment rights. ECF 55. Suan filed a response, and the defendants filed a reply. ECF 64, 71. This case is now fully briefed and ripe for ruling.

Before turning to the summary judgment filings, Suan filed several motions after the defendants filed their summary judgment motion that must be addressed. On June 29, 2022, Suan filed a motion to compel electronically stored information. ECF 65. In the motion, Suan seeks video footage from December 4, 2020. Motions to compel are filed

when a party seeks discovery and is dissatisfied with the response received. In his motion, Suan makes no reference to any prior request for the video footage or the response he received. Nonetheless, the court has reviewed the record and determined that Suan sought the video footage in a request for production filed on January 4, 2022. ECF 32. Defendants responded on February 22, 2022. ECF 48. The defendants objected, and no video footage was produced. Thus, Suan was aware that the defendants did not intend to produce the video in response to his request at least by late February 2022, and yet he did not seek to compel the video's production until four months later, after discovery had closed and a summary judgment motion was pending before the court.

Generally, motions to compel filed after the close of discovery are deemed untimely. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding that the district court did not abuse its discretion in denying a motion to compel filed after discovery had closed and a summary judgment motion was filed); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (upholding the district court's denial of a motion to compel filed two months after close of discovery and without any excuse for its tardiness). However, this is not a hard and fast rule. The circumcises of the case must be considered. *Talbert v. City of Chicago*, No. 03 C 7571, 2006 WL 8459556, at *1 (N.D. Ill. Sept. 19, 2006) (discussing when a motion to compel should be considered untimely and noting that "there is no principled or mathematical way of determining in advance in every case when a motion to compel should be deemed untimely based upon an arbitrarily prescribed number."

Here, the discovery response that Suan takes issue with was filed on February 22, 2022; one day after the deadline to complete discovery. ECF 39; ECF 48. Suan did not file his motion until June 29, 2022. ECF 65. While a motion to compel does not necessarily need to be filed before the close of discovery, and in this case doing so would have been impossible, it must be filed within a reasonable time. Waiting until four months after the discovery response was received and discovery closed, and two and a half months after the summary judgment motion was filed was not reasonable. Therefore, the motion (ECF 65) will be denied.

Suan also files a motion asking for a video hearing on the summary judgment motion. ECF 66. Pursuant to Local Rule 7-5, this Court has discretion to either grant or deny a request for oral argument. This court finds that the parties briefs provide adequate development of the facts and law, and that oral argument is not necessary in this case. Accordingly, the motion (ECF 66) will be denied.

Lastly, Suan seeks all transcripts from this proceeding. No hearings have occurred in this case, and there are no transcripts. Accordingly, the request contained in Suan's letter (ECF 72) will be denied.

The court will now turn to the defendants' motion for summary judgment. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material

fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

*Conditions of confinement*

Suan is proceeding against Officer Alcalla and Sgt. Cannon for deliberate indifference to his conditions of confinement on December 4, 2020, in violation of the Eighth Amendment. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm

4

from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). In other words, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotation marks omitted).

Officer Alcalla and Sgt. Cannon submit affidavits, in which they attest to the following facts: On the night of December 4, 2020, offenders caused flooding on Range 100, a segregation unit where Suan was housed. ECF 55-1 at 1; ECF 55-2 at 1. There was approximately an inch of flooding in various areas of the range. ECF 55-1 at 2; ECF 55-2 at 2. The floor of the range contained drains to allow water and other materials to drain out in the case of flooding. *Id.* Staff worked throughout the night to reduce the flooding by pushing the flooding toward the drains and placing rolled up towels and other materials in front of cell doors. *Id.* Officer Alcalla turned off water on part of the range to prevent further flooding, which included the water in Suan's cell. ECF 55-1 at 2. That same night, offenders on Range 400 set small fires by burning newspaper and toilet paper rolls. ECF 55-1 at 2; ECF 55-2 at 2. These fires were put out as soon as feasible. *Id.* To the extent any of the smoke from Range 400 reached Range 100, Officer Alcalla and Sgt. Cannon did not believe they or any other person on Range 100 faced any health risk. ECF 55-1 at 2-3; ECF 55-2 at 2.

The defendants argue they were not deliberately indifferent to Suan's conditions of confinement because they worked throughout the night to prevent and reduce the

5

flooding and put out all fires on the range as soon as possible. ECF 56 at 6. In his response, Suan does not cite to any evidence in the record showing the defendants were deliberately indifferent to his conditions of confinement. ECF 64. He suggests the defendants did not comply with portions of the Miami Correctional Facility's "Facility Directive" related to fires and emergencies, but there is no evidence the defendants did not comply with any portion of this directive. ECF 65 at 6; ECF 65-1 at 7-15. Suan appears to argue the defendants should have called in off-duty staff and requested additional manpower, but the directive states this is the responsibility of the shift supervisor in conjunction with the warden. ECF 65 at 6; ECF 65-1 at 11. There is no evidence the defendants had the ability to request additional manpower. Moreover, even assuming the defendants violated prison policy by not requesting additional manpower, this does not establish a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (holding that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations").

Suan also argues that the video footage he requested would have shown that, in addition to the fires set on 400 Range, a large fire was also set on 100 Range which was left to burn out. ECF 65 at 3-5. But summary judgment is the "put up or shut up moment" in the lawsuit. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Suan cannot merely allege what the evidence should have shown, but rather must "marshal and present" that evidence to the court. *See Goodman*, 621 F.3d at 654. He provides no evidence disputing the defendants' attestations that they acted reasonably by reducing

6

the flooding and putting out the fires as diligently as possible. Thus, because there is no evidence the defendants consciously disregarded a serious risk to Suan's health and safety, summary judgment is warranted in their favor on this claim.

*Serious medical need*

Suan is proceeding against Sgt. Cannon for deliberate indifference to his serious medical need on December 4, 2020, in violation of the Eighth Amendment. To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board*, 394 F.3d at 478.

Sgt. Cannon argues he was not deliberately indifferent to Suan's serious medical need because he was never made aware that Suan had any medical need. ECF 56 at 11-12. Specifically, Sgt. Cannon attests he does not recall seeing or hearing of any signs of distress or injury to Suan on the night in question. ECF 55-2 at 3. In his response, Suan argues that, on December 7, 2020, he was "evaluated, diagnosed and treated for his injuries as a result of the defendant's deliberate indifference." ECF 65 at 6. But Suan provides no evidence disputing Sgt. Cannon's attestation that he was not aware that Suan had any medical need on the night in question. Therefore, no reasonable jury

could conclude that Sgt. Cannon was deliberately indifferent. Summary judgment is warranted in favor of Sgt. Cannon on this claim.

For these reasons, the court:

(1) DENIES Suan's motion to compel production of electronically stored information (ECF 65), motion requesting video hearings (ECF 66), and request for transcripts (ECF 72);

(2) GRANTS the defendants' motion for summary judgment (ECF 55); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Mang Z. Suan and to close this case.

SO ORDERED on February 22, 2023

 s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge